IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LAWRENCE J. DEAN, II,
JANET S. DEAN, his wife and
ZACHARY DEAN, his son by his
mother and next friend,
JANET S. DEAN,

    Plaintiffs,

v.                              Civil Action No. 5:05CV85
                                         (STAMP)
JOHN K. ROBERTS and
SHELBY CASUALTY
INSURANCE COMPANY,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION TO REMAND**

I. Background

On June 2, 2005, plaintiffs filed an amended complaint in the Circuit Court of Ohio County, West Virginia against defendants, John K. Roberts ("Roberts") and Shelby Casualty Insurance Company ("Shelby"). Plaintiffs' amended complaint alleges that defendant Shelby engaged in unfair claim settlement practices in violation of the West Virginia Unfair Trade Practices Act, West Virginia Code § 33-11-4(9). The plaintiffs have settled their claim with defendant Roberts, who remains only as a nominal defendant for purposes of the plaintiffs' underinsured motorist claim against their own insurer, Farm Family Casualty Insurance Company ("Farm Family"). On June 24, 2005, defendant Shelby filed a notice of removal with this Court, asserting that this civil action is

removable under 28 U.S.C. § 1332(a). On July 20, 2005, the plaintiffs filed a motion to remand stating that removal of this action is improper for two reasons: (1) defendant Shelby failed to obtain consent of removal from all defendants; and (2) Shelby has failed to satisfactorily prove the required amount in controversy. Defendant Shelby responded in opposition to plaintiffs' motion to remand on August 1, 2005, and plaintiffs replied on August 31, 2005.[1] This motion is now fully briefed and ripe for review. After reviewing the parties' memoranda and the applicable law, this Court denies in part and grants in part plaintiff's motion to remand. The plaintiff's motion to remand due to lack of consent of all the defendants is denied and plaintiffs' motion to remand due to lack of requisite amount in controversy is granted.

## II. Applicable Law

When a defendant seeks to remove a case from state court to a federal district court, the federal court must be able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). While the removal statute does not explicitly require

---

[1] Plaintiffs' reply brief was due August 8, 2005. However, this Court granted plaintiffs' motion for leave to reply out of time and has considered plaintiffs' reply in this analysis. Docket No. 16.

all defendants to join in the removal, it is well established that in a multi-defendant case, effective removal requires that all defendants consent to removal. See Martin Oil Co. v. Philadelphia Life Ins. Co., 827 F. Supp. 1236, 1237 (N.D. W. Va. 1993). See Chicago, R.I. & P.R. Co. v. Martin, 178 U.S. 245 (1900)) and Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Local 349, 427 F.2d 325, 326-327 (5th Cir. 1970)). The "'rule of unanimity,' as it is now known, does not require that all of the defendants sign the notice of removal; however, it does require that each defendant officially and unambiguously consent to a removal petition filed by another defendant within 30 days of receiving the complaint." Martin Oil Co., 827 F. Supp. at 1237. "Formal or nominal parties do not have to join in the removal;" and thus, are not subject to the rule of unanimity. Means v. G&C Towing, Inc., 623 F. Supp. 1244, 1245 (S.D. W. Va. 1986).

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction must be strictly construed and if federal jurisdiction is doubtful, a remand is necessary. Id. Accordingly, the burden of establishing that the plaintiff's damages exceed the jurisdictional amount of $75,000.00 lies with the defendant. See 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 (3d ed. 1998). Neither the Supreme Court nor the

Fourth Circuit have specified the degree of proof by which the jurisdictional amount must be satisfied.[2] However, this Court applies the preponderance of the evidence standard to determine whether a defendant has met its burden of proving the amount in controversy. This standard requires the defendant to show that the amount in controversy more likely than not exceeds the jurisdictional threshold. "To satisfy this burden, a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000.00." Sayre v. Potts, 32 F. Supp. 2d 881, 886 (S.D. W. Va. 1999)(citing Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992)). This burden of proof requires the defendant to produce evidence that establishes the actual amount in controversy exceeds $75,000.00. See DeAquilar v. Boeing Co., 11 F.3d 55, 57-59 (5th Cir. 1993).

### III. Discussion

The plaintiffs argue that removal of this case is improper for two reasons: (1) defendant Shelby failed to obtain consent to removal from all defendants and (2) defendant Shelby has failed to prove the amount in controversy meets the jurisdictional amount.

---

[2] However, when it is unclear whether jurisdiction may properly be exercised, a court may "insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of the evidence." McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

A.  <u>Consent to Removal</u>

The plaintiffs argue that defendant Shelby failed to obtain consent to removal from Farm Family, which previously had filed a notice of appearance with the state court, pursuant to West Virginia Code § 33-6-31.  The plaintiffs contend that this failure constitutes a fatal procedural defect because Farm Family "is the real party in interest and is actively defending the case." (Pls.' Mot. Remand at 3.)

The removal statutes applicable to this case speak only of removal "by the defendant or defendants." 28 U.S.C. §§ 1441, 1446(a).  This language leaves little room for interpretation, and does not permit removal by non-parties.  See <u>Adams v. Adminastar Defense Services, Inc.</u>, 901 F.Supp. 78, 79 (D. Conn. 1995)(only a defendant, who is by implication a party in state court, has standing to remove); <u>American Home Assurance Co. v. RJR Nabisco Holdings Corp.</u>, 70 F. Supp. 2d 296 (1999)(a non-party claiming to be a real party in interest lacks authority to notice removal).  Because Farm Family had no right to removal in this case, this Court finds that defendant Shelby was not required to obtain Farm Family's consent to the removal of this action.  Thus, plaintiff's motion to remove this case because the defendant Shelby has not obtained consent from Family Farm must be denied.

B.  <u>Jurisdictional Amount</u>

The plaintiffs argue that defendant Shelby has failed to prove that the amount in controversy exceeds $75,000.00. Shelby contends that the value of plaintiffs' claims, if proven, would exceed the jurisdictional amount. Shelby cites other "bad faith" and punitive damages verdicts as well as awards previously obtained by plaintiffs' counsel to demonstrate that this case satisfies the amount in controversy requirement.

This Court also finds that the defendant Shelby has not met its burden of proof in establishing that the amount in controversy exceeds the jurisdictional amount. The defendant's removal cannot be based on speculation; rather, it must be based on facts as they existed at the time of removal. <u>See</u> <u>Varela v. Wal-Mart Stores, East, Inc.</u>, 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000). The mere "threat" of punitive damages, without more, does not give rise to federal jurisdiction. <u>Landmark Corp. v. Apogee Coal Co.</u>, 945 F. Supp. 932, 938 (S.D. W. Va. 1996). Similarly, a selective sampling of amounts awarded in other "bad faith" cases does not demonstrate that any amount awarded in this case will more likely than not exceed the jurisdictional amount. Accordingly, this Court finds that the plaintiffs' motion to remand must be granted.

IV.  <u>Conclusion</u>

For the reasons stated above, the plaintiffs' motion to remand for lack of consent of all defendants is hereby DENIED. The

plaintiffs' motion to remand based upon the requisite amount in controversy is GRANTED.  Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia.

DATED: January 13, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE